670 P.2d 968
STATE of New Mexico,
Plaintiff-Appellee,

v.

**Jane DOE, a Child, Defendant-Appellant.**

No. 7316.

Court of Appeals of New Mexico.

Aug. 30, 1983.

Certiorari Denied Oct. 20, 1983.

Paul Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, J. Thomas Sullivan, Appellate Defender, Mary Ann Lunderman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

WALTERS, Chief Judge.

Defendant appeals the children's court's judgment and disposition finding her to be in need of care and rehabilitation and committing her to the Girl's Welfare Home for a period not to exceed two years. We proposed summary affirmance in this cause and defendant filed a memorandum in opposition to this proposal. The memorandum does not convince us that our proposed disposition was incorrect; we therefore summarily affirm.

In her memorandum, defendant contends that deprivation of a liberty interest constitutes prejudice under NMSA 1978, Child. Ct.R. 49(b)(2) (Repl.Pamp.1982). Rule 49(b) requires that a dispositional hearing be held within 20 days of the adjudicatory hearing and requires dismissal of the proceeding if the child has not agreed to nor been responsible for the delay *and* if prejudice is shown as a result of delay in the dispositional hearing.

For purposes of this appeal, we may assume that N.M. Const. art. II, § 18, was violated and defendant was prejudiced if she was deprived of her liberty without the due process of law provided by Rule 49 and by provisions of the Children's Code. However, defendant's docketing statement recites that, because she was a suicide risk, a mental commitment "was arranged" for her placement in the Bernalillo County Mental Health Center between the time of her adjudicatory hearing and the dispositional proceeding 38 days later. NMSA 1978, § 32–1–35 B (Repl.Pamp.1981), requires a dismissal of a delinquency petition without prejudice if a child is committed as a devel-

opmentally disabled or mentally disordered child. It recites, further that the child "waived a formal commitment for placement in the Mental Health Center" during the last week she was in placement before disposition. On June 7th, the date of the dispositional hearing, the child withdrew her motion to dismiss on the basis of § 32–1–35 B and filed instead a new motion to dismiss based on delay under Rule 49.

Defendant's waiver, coupled with withdrawal of her motion to dismiss because of her commitment as one mentally disordered or developmentally disabled, under NMSA 1978, § 32–1–35 B (Repl.Pamp. 1981), was sufficient to show agreement of the child to the delay between adjudication and disposition to avoid the dismissal provisions of Rule 49. Dismissal under that rule does not operate unless both prejudice *and* absence of agreement or the child's responsibility for delay are present. If prejudice occurred here, a question we do not decide, it was with defendant's acquiescence.

The judgment and disposition is affirmed. Child.Ct.R. 49(b)(2).

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.